**Patsy A. BARRON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 84–685.**

District of Columbia Court of Appeals.

Submitted May 9, 1985.

Decided June 25, 1985.

Leonard J. Koenick was on the brief for appellant.

Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, Charlotte Brookins-Pruitt and Candida Staempfli, Asst. Corp. Counsel, were on the brief for appellee.

Before NEBEKER, NEWMAN, and FERREN, Associate Judges.

NEWMAN, Associate Judge:

Ms. Barron contends the trial court abused its discretion by denying her motion for a new trial on damages only. She asserts that the uncontroverted evidence showed that as a result of the negligence of the District of Columbia, she experienced considerable pain and suffering as well as permanent facial scarring. She argues that a jury verdict which exceeded the undisputed special damages by only $38.60 was so inadequate as to indicate it was the product of prejudice, partiality or passion, or that it was based on mistake, oversight or consideration of an improper element. We agree and reverse.

In its *Memorandum Opinion and Order* filed April 18, 1984, the trial court stated the relevant facts as follows:

> Plaintiff sued the District of Columbia for injuries she received when she ran into a torn-up section of an alley and fell off the bike she was riding, one she did not own. Her cheek was pierced when she fell, resulting in a permanent scar; plaintiff sustained other injuries as well.
>
> Witnesses at trial testified as to the extent and seriousness of plaintiff's injuries, and plaintiff herself testified as to her pain and suffering. She offered as exhibits evidence of her lost wages and medical expenses which totalled $2,561.40. Defendant did not attempt to contradict the evidence offered on damages; however, the jury awarded plaintiff only $2,600.00.

Later, in the same opinion, in analogizing to our decision in *Mantis v. Ashley*, 391 A.2d 267 (D.C.1978), the trial court stated: "[t]here, as here, there was no real question as to liability." Thus, we are presented with the trial court's findings that: (1) there is permanent facial scarring as well as other injuries; (2) special damages totalled $2,561.40; (3) that the District of Columbia did not seek to contradict the damage evidence; and (4) there was no real question as to liability.[1]

---

1. Judge Murphy had imposed sanction against the District of Columbia under Super.Ct.Civ.R.

In *Romer v. District of Columbia*, 449 A.2d 1097 (D.C.1982), in affirming the trial court's denial of a motion for a new trial on the grounds of inadequacy of a jury award, we stated at 1099:

> [I]n reviewing the denial of a motion for a new trial based on a claimed inadequate verdict, this court will reverse only when the amount of the award evidences prejudice, passion or partiality on the part of the jury or where the verdict appears to be an oversight, mistake, or consideration of an improper element. *Hughes v. Pender*, D.C.App. 391 A.2d 259, 263 (1978). An appellate court should order a new trial only when the award is contrary to all reason. *Taylor v. Washington Terminal Co.*, 133 U.S.App.D.C. 110, 113, 409 F.2d 145, 148, *cert. denied*, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969); *Hughes v. Pender, supra* at 263.

■ Our review is to determine whether the trial court abused its discretion by denying the motion for a new trial. *Vassiliades v. Garfinckel's, Brooks Brothers, Miller & Rhoades, Inc., et al.*, 492 A.2d 580 (D.C.1985); *Cunningham v. Conner*, 309 A.2d 500 (D.C.1973); *Taylor v. Washington Terminal Co.*, 133 U.S.App.D.C. 110, 409 F.2d 145, *cert. denied*, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969). *See generally Johnson v. United States*, 398 A.2d 354 (D.C.1979).

Where the evidence is uncontradicted and unimpeached that the plaintiff suffered substantial injuries, including significant permanent facial scarring[2], and where there is no meaningful contest on the issue of liability, absent some rational explanation for a jury's refusal to award any but nominal recovery above the undisputed special damages, its award is, at least, suspect.

As the United States Court of Appeals for the Tenth Circuit has said:

> In the present case the verdict reflects the exact amount of medical and hospital outlay. Thus, on its face it establishes that the jury failed and refused to award compensation for pain and suffering and permanent disability. Where, as here, the plaintiff suffered a severe injury in which the damages were substantial, the conclusion must be that the jury disregarded its fact-finding function. It is clear from the authorities that the jury has no such dispensing power. Where this is apparent the failure of the trial judge to grant a new trial constitutes a manifest abuse of discretion.
>
> Where, as here, the damage and liability issues are distinct, the new trial is properly limited to the question of damages. In the case at bar the liability question and the damage question are not in any way intermingled. The award clearly represents actual medical outlay while ignoring the other elements. Thus, there is no reason apparent for retrying the case on the issue of liability.

*Brown v. Richard H. Wacholz, Inc.*, 467 F.2d 18, 21 (10th Cir.1972) (footnote omitted).

■ The trial court articulated no principled basis on which to affirm the jury award as to damages; we can find none. Thus, we reverse and remand for a new trial on damages only.

*So Ordered.*

37(b)(2)(A) for its failure to make discovery. The sanction was "at any trial ... the District of Columbia shall be deemed to have had sufficient notice prior to the accident of the hole and surrounding concrete debris in question to have fixed the same or to have erected adequate warnings to members of the public using the alley." *See Henderson v. District of Columbia*, 493 A.2d 982, 990–991, 992–994 (D.C.1985).

**2.** We have reviewed color photographs of Ms. Barron's face taken approximately one month after the accident, approximately two years later, and others taken shortly before trial, which are part of the Record on Appeal.