Linear T. JEFFERSON,
et al., Appellants,

v.

OURISMAN CHEVROLET
CO., INC., Appellee.

No. 91–CV–600.

District of Columbia Court of Appeals.

Argued May 20, 1992.
Decided Oct. 30, 1992.

Paris A. Artis, for appellants.

William C.E. Robinson, for appellee.

Before STEADMAN, SCHWELB and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellants, Linear T. Jefferson, and his wife, Sherry T. Jefferson, sued Paul Ellis and Ourisman Chevrolet Co., Inc. for damages allegedly resulting from injuries sustained by Mr. Jefferson in an automobile accident. After a three-day trial, the jury returned a verdict which awarded the appellants no damages. Appellants timely filed a post-trial motion for a partial judgment notwithstanding the verdict as to Mr. Jefferson's medical bills and lost wages or, alternatively, for a new trial on the issue of all damages. The motion was denied by the trial judge. Appellants now appeal from the order denying the motion; they contend that the stipulation of the parties mandated an award of damages and that

the judge abused his discretion when he denied the motion. We affirm.

## I.

On June 16, 1986, appellant, Linear Jefferson, while operating his automobile, was involved in a collision with an automobile owned by appellee, Ourisman Chevrolet, and operated by Paul Ellis. Mr. Jefferson was thereafter taken to Southern Maryland Hospital where he received medical treatment. He was then released and referred to a private physician for further treatment. During the trial, the jury heard conflicting testimony from Mr. Jefferson, his wife, and medical experts on both sides as to whether Mr. Jefferson's injuries and the treatment he received for those injuries were proximately caused by the negligence of appellee and its agent.

With regard to the issue of liability and the reasonableness of Mr. Jefferson's medical bills, which totaled approximately $6,000.00, the trial judge instructed the jury that the parties had stipulated as follows:

1. The parties have agreed to stipulate to liability in this case. This means that the plaintiffs do not need to prove that Ourisman Chevrolet and Paul Ellis are at fault for this accident because defendants do not disagree on that. You need only decide how much damages, if any, should be paid to Mr. and Mrs. Jefferson for the injuries resulting from that accident. I instruct you to assume that Ourisman Chevrolet and Paul Ellis are at fault for this accident.

2. The parties have agreed to stipulate that plaintiff received medical treatment as a result of the accident and that all of the medical bills incurred by Mr. Jefferson in this case are reasonable. This means that the plaintiffs do not need to prove that these bills are reasonable because defendants do not disagree on that. I instruct you to assume that these medical bills are reasonable and proper.

In support of their post-trial motion, appellants argued that in view of the parties' stipulation admitting liability and the rea-

sonableness of the medical bills, damages had been proven. Therefore, they requested the court to enter a judgment with respect to Mr. Jefferson's medical expenses and lost wages. In the alternative, they argued for a new trial on those damages, as well as damages for pain and suffering, again relying on the parties' stipulation and placing great reliance on this court's decision in *Barron v. District of Columbia,* 494 A.2d 663 (D.C.1985).

The trial judge denied both parts of the motion, stating the basis for his decision in a comprehensive and well-reasoned Memorandum Opinion and Order dated April 16, 1991 ("Memorandum") as follows:

The stipulation regarding the medical bills provided, *inter alia,* that "plaintiff received medical treatment as a result of the accident and that all of the medical bills incurred by Mr. Jefferson are reasonable." The Court does not view this stipulation as establishing all of the requisite elements for causation.

As a result of the stipulation on medical bills, it is beyond doubt that Mr. Jefferson obtained medical treatment as a result of the accident. The question left open, however, was whether the medical treatment received by Mr. Jefferson was proximately caused by the defendants. It is that question that defendants vigorously fought throughout this trial. The fact that Mr. Jefferson obtained the treatment does not necessarily establish the fact that he needed the treatment as a result of the collision at issue in this case. The testimony presented to the jury through the experts from both sides dealt with this issue, as did the testimony of Mr. Jefferson. If the jury credited, as they apparently did, the testimony of the defendants' experts, as well as the evidence obtained through the cross-examination of Mr. Jefferson and his expert witnesses, then the jury was well within its role to conclude that Mr. Jefferson's injuries and the treatment he received for those injuries were not proximately caused by the negligence of the defendants.

Memorandum at 3–4. This appeal followed.

## II.

■ In reviewing the denial of a motion for judgment notwithstanding the verdict, we examine the evidence in the light most favorable to the prevailing party. *Finkelstein v. District of Columbia,* 593 A.2d 591, 594 (D.C.1991) (en banc). A judgment notwithstanding the verdict is proper only in cases in which no reasonable juror could reach a verdict in favor of the prevailing party. *See Washington v. Washington Hosp. Ctr.,* 579 A.2d 177, 181 (D.C.1990); *Oxendine v. Merrell Dow Pharmaceuticals, Inc.* 506 A.2d 1100, 1103 (D.C.1986) (citations omitted). "Where the evidence is such that reasonable persons could differ, the issue is properly put before the jury." *Lewis v. Washington Metropolitan Area Transit Authority,* 463 A.2d 666, 669 (D.C. 1983), (citing *Ceco Corp. v. Coleman,* 441 A.2d 940, 994 (D.C.1982)). The evidence in this case consisted of the testimony of appellants, the testimony of medical experts for appellants and appellee, and the stipulation of the parties as to liability and reasonableness of all the medical bills.[1] As the judge noted in his Memorandum, there was also evidence that Mr. Jefferson's injuries were not related to the accident in question, that the accident in question did not prevent Mr. Jefferson from working and earning money, and that he had no physical infirmities whatsoever which resulted from the automobile accident.

It is significant that the parties stipulated, and that the jury was instructed it had to decide, "how much damages, *if any,* should be paid to Mr. and Mrs. Jefferson for the injuries resulting from [the] accident." (Emphasis added). This was consistent with the joint pre-trial statement filed with the trial judge wherein appellants agreed with appellee that causation was still at issue notwithstanding the stipulation of the parties that Mr. Jefferson received medical treatment as a result of the accident. This was also consistent with the parties' joint request in their pre-trial statement that the judge give the following standardized civil jury instructions:[2] 2–8 (burden of proof defined), 3–4 (jury to determine the conflict in testimony of expert witnesses), 5–11 (jury to determine whether the alleged injuries were a direct result or a reasonably probable consequence of the act or omission).

Furthermore, it is significant that appellants, in the joint pre-trial statement, requested that instruction 12–6 be read to the jury.[3] It states:

> The defendant has admitted that he (she) is responsible for any injury plaintiff may have suffered, *proximately resulting* from the accident in question. The only issue you need to decide is what injury if any plaintiff has received, the amount of damages, if any, that he (she) is entitled to recover for compensation. *This admission of responsibility should not affect the amount of damages, if any, which you award to the plaintiff.* (Emphasis added.)

We were also informed at oral argument by appellants' counsel that appellants did not object at trial to instruction 12–2 (extent of damages-proximate cause), which states:

> If you find that the defendant was negligent, but that his negligence was not the proximate cause of the damages to the extent claimed by the plaintiff, then the

---

**1.** Because the complete trial testimony was not designated as a part of the record on appeal, our review of the evidence is limited to the stipulation of the parties, the references to the evidence made by the trial judge in his Memorandum, and the few pages of transcribed witness testimony which are appended to appellant's appendix to his brief. Neither party has contested the trial judge's synopsis of and references to the evidence in his order. Accordingly, we accept his references to the evidence as accurate. We "cannot[, however,] base our review of errors upon statements of counsel which are unsupported by [the] record." *Cobb v. Standard Drug Co.,* 453 A.2d 110, 112 (D.C.1982) (quoting *D.C. Transit System, Inc. v. Milton,* 250 A.2d 549, 550 (D.C.1969)).

**2.** STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA (rev. ed. 1981).

**3.** Nothing in the record before us suggests that the requested instructions were not given to the jury.

plaintiff may recover only the portion of the damages which resulted proximately from the defendant's negligence.

■ Viewing the evidence in the light most favorable to appellee, as we must, *Finkelstein, supra,* 593 A.2d at 594, we agree with the trial judge that a reasonable jury could have reached the verdict that was rendered in this case. Indeed, it is clear that the jury chose not to credit the testimony of appellants or their medical experts and concluded that the appellee's negligence did not proximately cause the injuries and damages claimed by appellants. In our view, the jury was well within its role and authority in reaching the verdict that it rendered on the issue of Mr. Jefferson's medical expenses and lost wages. Therefore, we conclude that this is not the "extreme" case that warrants the entry of a judgment notwithstanding the verdict. *Oxendine, supra,* 506 A.2d at 1103.

### III.

Alternatively, appellants contend that the trial judge abused his discretion by denying their motion for a new trial on the issue of damages for medical expenses, lost wages, and pain and suffering. They argue that the judge's denial of the motion reflected his failure to consider "the totality of facts before it," *see May Dept Stores Co. v. Devercelli,* 314 A.2d 767, 775 (D.C. 1973). i.e., the parties' stipulation and the "uncontroverted evidence" that appellants received "some injury" and "some damages."

The law applicable to a review of a denial of a motion for a new trial on the grounds of inadequacy of a jury award is well-settled: "Our review is to determine whether the trial court abused its discretion by denying the motion for a new trial." *Barron v. District of Columbia, supra,* 494 A.2d at 665 (citations omitted).

[I]n reviewing the denial of a motion for a new trial based on a claimed inadequate verdict, this court will reverse only

when the amount of the award evidences prejudice, passion or partiality on the part of the jury or where the verdict appears to be an oversight, mistake, or consideration of an improper element. *Hughes v. Pender,* 391 A.2d 259, 263 (1978). An appellate court should order a new trial only when the award is contrary to all reason. *Taylor v. Washington Terminal Co.,* 133 U.S.App.D.C. 110, 113, 409 F.2d 145, 148, *cert. denied,* 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969); *Hughes v. Pender, supra* at 263.

*Romer v. District of Columbia,* 449 A.2d 1097, 1099 (D.C.1982).

In his Memorandum, the trial judge recognized that "trial courts have historically given great weight to jury verdicts, granting a new trial only where there are unusual circumstances which convince the trial judge, who has also heard the evidence and seen the witnesses, that the jury had been improperly influenced by non-germane factors or that its verdict is clearly unreasonable." Memorandum at 7 (quoting *Louison v. Crockett,* 546 A.2d 400, 403 (D.C. 1988); (quoting *Vassiliades v. Garfinckel's, Brooks Bros.,* 492 A.2d 580, 595 (D.C. 1985)). Concluding that there was no evidence that the jury was " 'improperly influenced by non-germane factors,' [4] or that the jury's verdict was otherwise unreasonable," *Louison, supra,* 546 A.2d at 403, the judge denied the motion for a new trial on the issue of damages.

■ The record reveals, and the trial judge so noted in his Memorandum, that the jury was given extensive instructions on assessing the credibility of lay and expert witnesses and on evaluating conflicting testimony of expert witnesses. Thus, the judge could properly find that "[t]he jury obviously credited defendants' experts, discredited the plaintiffs and their witnesses and determined that [appellants] did not receive any injuries as a proximate cause of the accident," Memorandum at 8, and, therefore, awarded no damages for

---

4. In their post-trial motion, appellants raised the issue of whether the jury's verdict had been influenced by "non-germane factors." Although

addressed by the trial judge in his Memorandum, that issue has been abandoned on appeal.

**586**

medical expenses, lost wages, or pain and suffering. In view of the conflicting testimony, it was "within the province of the jury" not to award the appellants any damages. *Romer, supra,* 449 A.2d at 1099.[5] Because the record on appeal does not reflect that the jury's verdict indicates "prejudice, passion, or partiality, or [that] it must have been based on oversight, mistake, or consideration of an improper element," *Spar v. Obwoya,* 369 A.2d 173, 180 (D.C.1977) or, that the verdict of the jury is "contrary to all reason," *Taylor v. Washington Terminal Co.,* 133 U.S.App.D.C. 110, 113, 409 F.2d 145, 148, *cert. denied,* 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969), we find no abuse of discretion by the trial judge in denying appellants' post-trial motion.

### IV.

Accordingly, we affirm the order denying appellants' post-trial motion for judgment notwithstanding the verdict or, alternatively, for a new trial.

---

**5.** Appellants' reliance on *Barron v. District of Columbia, supra,* 494 A.2d 663, is misplaced because, unlike *Barron,* where the evidence of damages was uncontroverted, the litigation strategy of the appellee in the present case was to attack, contest, and contradict appellants' evidence of causation and alleged damages.