Jenelle PRINS–STAIRS,
et al., Appellants,

v.

The ANDEN GROUP, et al., Appellees.

No. 93–CV–1614.

District of Columbia Court of Appeals.

Argued Jan. 5, 1995.

Decided Jan. 31, 1995.*

Frederic W. Schwartz, Jr., Washington, DC, for appellants. Robert Cadeaux, Washington, DC, filed a brief for appellants.

H. Patrick Donohue, Washington, DC, for appellees.

Before WAGNER, Chief Judge, and FARRELL and KING, Associate Judges.

PER CURIAM:

Appellant Jenelle Prins–Stairs and her husband sued appellees for negligence and (the husband's) loss of consortium arising from an automobile accident which occurred in November 1988, in which a vehicle driven by an employee of appellee Anden Group struck the rear of a car driven by Ms. Prins–Stairs. Appellees conceded negligence (*i.e.*, breach of duty of care), but vigorously contested the issue of proximate causation. A jury found for appellees and awarded appellants no damages, expressly finding that Ms. Prins–Stairs had not been injured as a result of the negligence of appellees.

■ On appeal, appellants concede that there was evidence supporting the jury's rejection of any causal link between the accident and the permanent injury—a herniated disc and its aftermath—that Ms. Prins–Stairs claimed to have suffered from the accident. They contend, however, that the jury arbitrarily rejected uncontradicted evidence that Ms. Prins–Stairs at least suffered a temporary "cervical strain" from the accident which caused her pain and one or more days of lost earnings from her employment as an attorney. Appellants therefore ask us to reverse the trial court's post-trial refusal to set aside the jury's verdict as inadequate.

We are unpersuaded by this argument. There was evidence permitting the jury rationally to find that Ms. Prins–Stairs' neck and back condition (culminating in 1992 surgery for a herniated disc) stemmed from events preceding the November 1988 accident and that the latter event neither caused nor contributed to (*i.e.*, aggravated) that condition. The jury heard evidence, for example, of repeated prior accidents as a result of

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on January 31, 1995, and is being published upon the court's grant of appellee's motion to publish.

which Ms. Prins–Stairs had been treated for chronic pain and dizziness. Following a September 1987 automobile accident,[1] Ms. Prins–Stairs was diagnosed as having "intermittent cervical pain." Three months later she again suffered "intermittent[ ]" neck pain following an accident in Australia when she was pushed against a wall. On February 11, 1988, a Group Health Association (GHA) physical therapist treated her for what Ms. Prins–Stairs described as "chronic posterior cervical pain"; the therapist's report noted that Prins–Stairs had been in a motor vehicle accident four to five months earlier and had "reinjured" her neck in December 1987. In June 1988 Ms. Prins–Stairs returned once again to GHA and told personnel she had been suffering from neck and right arm pain, vertigo, dizziness, and (for the past nine months) blackouts. GHA reported that Prins–Stairs believed "the blackouts [are] a result of the accident." All of these events and sequelae predated the November 1988 collision.[2]

Additionally, the jury heard evidence concerning the 1988 accident from which it could infer that this mishap added nothing to Prins–Stairs' prior condition and suffering. Ms. Prins–Stairs acknowledged that her car had been struck in the rear during "creeping" rush-hour traffic. The appellee-driver testified that his Jeep Cherokee made contact with her sports car while stopping and starting in the "bumper-to-bumper" traffic; he struck her car while moving "[t]wo, three, four miles an hour." The taillights of Prins–Stairs' car were broken in the collision; its trunk handle was also broken, and a small area of the trunk was "dimpled." When treated at the GHA minor injury unit that day, Prins–Stairs told the physician that she had been rear-ended at 30 m.p.h. and that she felt "pain in neck, back, shoulders" and "cervical [and] lumbar spinal pain." She was

diagnosed as having a "cervical [and] lumbar spine strain" and ordered to wear a cervical collar. When she returned to GHA the next month for treatment of a poison ivy condition, she reported no ongoing neck or back problems.

■ Viewing the evidence in its totality, and with due regard for the jury's prerogative to assess the credibility of witnesses, we are satisfied that the jury reasonably could have found that Ms. Prins–Stairs suffered no injury from the November collision that could be differentiated from her ongoing "chronic" condition of neck and back pain which she had twice reported to physicians in the past year.[3]

[I]n reviewing the denial of a motion for a new trial based on a claimed inadequate verdict, this court will reverse only when the amount of the award evidences prejudice, passion or partiality on the part of the jury or where the verdict appears to be an oversight, mistake, or [the result of] consideration of an improper element. An appellate court should order a new trial only when the award is *contrary to all reason.*

*Barron v. District of Columbia,* 494 A.2d 663, 665 (D.C.1985) (emphasis added; citations omitted). *Barron* was an exceptional case where, applying the "contrary to all reason" standard, we reversed an award of damages as inadequate because "the evidence [was] uncontradicted and unimpeached that the plaintiff suffered substantial injuries, including significant permanent facial scarring, and ... there [was] *no meaningful contest* on the issue of liability...." *Id.* (footnote omitted). In this case, by contrast, liability in the form of proximate causation was · strongly disputed and, as we have seen, the jury could reasonably find that appellant suffered no

---

1. Eight years earlier, in 1979, a car in which Ms. Prins–Stairs was traveling had been rear-ended, causing her neck pain for a couple of weeks. Still earlier, in 1973 or 1975, she had been a passenger in a car that was rear-ended, causing her "a mild concussion."

2. Ms. Prins–Stairs further testified that she had had migraine headaches since the age of 13, and that sometimes these were so strong that "the

only thing that stopped the pain was to hit my head against the wall."

3. Because a claim for loss of consortium is collateral to, and dependent on, the spouse's claim for injuries, *Romer v. District of Columbia,* 449 A.2d 1097, 1101 (D.C.1982), we are also satisfied that the jury reasonably could have found that the November collision was not the cause of Prins–Stairs' husband's loss of consortium.

"substantial injuries" from the November accident distinct from the chronic neck and back pain she had experienced beforehand.[4] In particular, the jury could have found that Prins–Stairs' account of the accident to the GHA physician—stating she had been rear-ended at 30 m.p.h.—was simply false and that this (together with her inferentially exaggerated report of symptoms) had contributed to the diagnosis of cervical strain and injury caused by the accident. Prins–Stairs' effort to attribute causal significance to the November accident was further weakened by her failure to tell her medical expert witnesses of some or all of the prior accidents that could have accounted for her neck and back condition. *See Mills v. United States*, 599 A.2d 775, 783–84 (D.C.1991) (quoting 2 JOHN H. WIGMORE, EVIDENCE § 278, at 133 (James H. Chadbourn ed. 1979) (inference of "lack of truth" from, *inter alia*, party's "presentation of his cause" does not "necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause") (italics omitted).[5]

*Affirmed.*

---

**4.** In *Bernard v. Calkins*, 624 A.2d 1217 (D.C. 1993), by contrast, the jury resolved the issue of liability in favor of the plaintiff, then went on to award him damages that were "less than the medical expenses stipulated to by the parties." *Id.* at 1217. Therefore, we again found this to be one of the "necessarily rare" cases permitting us to reverse the trial court's decision that the jury verdict was reasonable. *Id.* at 1220.

**5.** Appellants' two remaining arguments for reversal are likewise unpersuasive. As they failed to object to Dr. Abend's testimony, their argument that his opinion on lack of causation took them by surprise in violation of Super.Ct.Civ.R. 26(b)(4)(A)(i) (designation of expert witnesses) has not been preserved. In any event, the Rule 26(b) statement gave appellants the required notice that Dr. Abend might be called and that any

experts called would opine that Ms. Prins–Stairs' injuries "preexisted the accident."

Second, the trial judge did not err in excluding testimony of Prins–Stairs' statements to an insurance company employee made during settlement discussions. *See Goon v. Gee Kung Tong, Inc.*, 544 A.2d 277, 280 (D.C.1988); *Wayne Insulation Co. v. Hex Corp.*, 534 A.2d 1279, 1281 (D.C.1987). *See also Knox v. Akowskey*, 116 A.2d 406, 407 (D.C.1955) (stating general rule excluding references to fact a party is protected by insurance). We note that the judge did not preclude appellants from incorporating the substance of the excluded statements—*i.e.*, that Prins–Stairs had repeatedly complained of injuries following the November 1988 accident—in a hypothetical question to Dr. Abend on cross-examination.