John ANTHONY, Appellant,

v.

ALLSTATE INSURANCE CO., Appellee.

No. 00–CV–106.

District of Columbia Court of Appeals.

Argued Dec. 13, 2001.

Decided Jan. 24, 2002.

John S. Kearns, with whom Harvey A. Kirk was on the brief, for appellant.

Jeffrey Groce, for appellee.

Before TERRY, FARRELL, and RUIZ, Associate Judges.

FARRELL, Associate Judge.

In this case involving a motor vehicle collision between plaintiff Anthony and an unidentified uninsured motorist, the jury found the uninsured motorist negligent and further found that the negligence had caused Anthony injury. It nonetheless awarded Anthony no damages. We sustain that verdict as to two of the three components of Anthony's claimed damages—lost wages and pain and suffering—but reverse and remand for a new trial on damages with respect to his medical treatment. Under our decisions, the refusal to award anything for proven medical expenses resulting from injury the jury found had been established yields that infrequent case where we must reverse, as an abuse of discretion, the trial court's failure to grant a new trial.

### I.

Anthony alleged, and the jury implicitly found, that the uninsured driver of a Cadillac drove through a stop sign and negligently struck Anthony's car in the side and/or the rear corner. Having found negligence, the jury was instructed by the verdict form to decide whether "the uninsured motorist's negligence proximately caused injury to the plaintiff." The jury answered that question "yes" but, in response to the final question of what damages it awarded, stated "zero."[1] Anthony moved for a new trial on the ground that

---

1. "Zero" was the word used by the jury foreperson in open court. On the verdict form the jury wrote "$0.00."

the verdict contradicted the jury's finding that the other driver's negligence had caused him injury. The trial court denied the motion because, in its view, Anthony had "failed to carry his burden of proof as to the damages he incurred from the accident."

## II.

■ In *Romer v. District of Columbia*, 449 A.2d 1097 (D.C.1982), this court set forth the relevant standard of review:

[I]n reviewing the denial of a motion for a new trial based on a claimed inadequate verdict, this court will reverse only when the amount of the award evidences prejudice, passion or partiality on the part of the jury or where the verdict appears to be an oversight [or] mistake, or [rest upon] consideration of an improper element. An appellate court should order a new trial only when the award is contrary to all reason.

*Id.* at 1099 (citations omitted). "Using that standard, the circumstances are necessarily rare when the trial court's decision upholding the jury verdict will be reversed." *Bernard v. Calkins*, 624 A.2d 1217, 1220 (D.C.1993).

■ Anthony sought damages for lost wages, medical expenses, and pain and suffering.[2] As to the first, the trial court correctly determined it had no reason to disturb the jury's verdict. Anthony presented no documentation of time lost from work, and testified merely that he had missed "[a]bout maybe three, four, six days, something like that." Without additional proof, the jury was within its authority to reject this as adequate proof of lost wages. *See Romer*, 449 A.2d at 1100 (jury must have "some reasonable basis on which to estimate damages"). We reach the same conclusion as to the claim of

damages for pain and suffering, which was strongly disputed at trial. Photographs introduced in evidence tended to support Allstate's position that Anthony's car was only mildly impacted; and there was evidence that he drove away from the accident without reporting any injuries or pain to investigating police. Nor was the medical treatment which he subsequently underwent, see discussion, *infra*, such that an award for pain and suffering was compelled. *See Hawthorne v. Canavan*, 756 A.2d 397, 399 (D.C.2000) (sustaining jury refusal to award pain and suffering damages; distinguishing *Bernard, supra*, as case where this "court found 'objective' and *undisputed* evidence of pain and suffering 'apparent from the injury and surgery as described in the record' " (emphasis in original)).

■ Regarding the claim for medical expenses and related inconvenience, however, we do not think the trial court could properly reconcile the jury's award of no damages with its finding of injury and the evidence Anthony presented. The testimony was undisputed that two days after the accident he began treatment at the Capitol Hill Health Center for back strain. Thereafter, on a regular basis from December 9, 1996, though January 22, 1997, he was treated at the Center with hot packs and electrical stimulation and placed in mechanical traction. The medical bills for this treatment, received in evidence without objection, totalled $2800. Allstate challenged the need for this treatment, and the jury was free to assess its necessity and frequency against the photographic and other evidence indicating only a mild impact between the two automobiles. But, having found that Anthony was injured by the collision (and the other driver's negligence), the jury could not reasonably discount his damages to zero in the face of medical bills reflecting treatment for the

---

2. He sought no recovery for the damage to his car.

injury caused. Some recovery for those expenses, and the related inconvenience, was dictated by the jury's own conclusion as to causation. *See,* by contrast, *Jefferson v. Ourisman Chevrolet Co.,* 615 A.2d 582, 585 (D.C.1992) (apparent from verdict that jury found "appellee's negligence did not proximately cause the injuries and damages claimed by appellants"); *Gritz v. Hot Shoppes, Inc.,* 117 A.2d 126, 127 (D.C. 1955) (sustaining jury award of $1 to each of two plaintiffs on ground that "the jurors, or some of them," might have "had doubts as to whether any injury had been suffered").

We accordingly vacate in part the judgment entered upon the jury's verdict and remand for a new trial on damages—absent a disposition by the parties—limited to Anthony's expenses incurred for medical treatment and related inconvenience. We do not regard this as a case where retrial must extend to liability as well as damages. The jury was told orally and in the verdict form to proceed to consider damages if, and only if, it found that causation had been established. Hence when it filled in the blank for damages after answering "yes" to causation, that action reflected a deliberate determination—not an accidental one—that Anthony had indeed been injured. The inconsistency was then in essentially negating this finding by awarding no damages. Nor do we think this is a case where the issues of liability and damages are so "intertwined," *see Merrell Dow Pharm., Inc. v. Oxendine,* 593 A.2d 1023, 1027 (D.C.1991), that evaluation of the reasonableness of the medical bills requires the jury to find anew whether Anthony was caused injury at all.

*Affirmed in part, vacated in part, and remanded.*