Stephen WORJLOH, Appellant,

v.

Mary STEPHENS, Appellee.

No. 00–CV–975.

District of Columbia Court of Appeals.

Argued March 12, 2002.
Decided Nov. 20, 2003.

John S. Kearns with whom Harvey A. Kirk, Baltimore, MD, was on the brief, for appellant.

Christopher D. Williams, Washington, DC, for appellee.

Before WAGNER, Chief Judge, WASHINGTON, Associate Judge, and NEBEKER, Senior Judge.

WAGNER, Chief Judge:

Appellant, Stephen Worjloh, and his wife, Sheila Worjloh, filed a complaint for damages for personal injuries arising out of an automobile accident. Appellee, Mary Stephens, stipulated liability for the rear-end collision, and the question of damages proceeded to trial by jury. Although the jury found that both appellant and his wife sustained personal injuries which were proximately caused by appellee's negligence, it awarded him no damages and awarded her only $297.30, the cost of the bill for her emergency room treatment.

Appellant filed a motion for a new trial in which he argued that the jury's verdict was inadequate, against the weight of the evidence and inconsistent with its finding that he sustained injuries as a proximate result of appellee's negligence. The trial court denied the motion, and this appeal followed.[1] On appeal, appellant argues that the trial court abused its discretion in denying his motion for a new trial. We agree, and therefore, reverse and remand for a new trial on the issue of damages only.

## I.

Appellant's claim arose out of an automobile accident that occurred on the afternoon of June 23, 1995. Appellant testified that on that date, he was driving to the store with his wife and her eleven year-old son. While appellant's vehicle was stopped in traffic, appellee drove her car into the rear of his vehicle. Appellee admitted liability for causing the accident, which her counsel conceded at pre-trial and in opening statement. Appellee appeared at trial only through counsel, and appellant and his wife were the only witnesses who testified.

Appellant testified that he experienced back and neck pain as a result of the accident. Although his wife went to the hospital by ambulance the day of the accident, appellant said that he did not because his pain was not so bad at that time, and there was no one to care for the child. Appellant called his brother who drove him home from the accident. He testified that he experienced discomfort in his neck and back after arriving home, and he laid down. He said that his brother drove him to the hospital late that evening to pick up his wife. The next day, he and his wife contacted the law offices of his attorneys in this case, and they referred him to Dr. Kalontorus, a chiropractor. Appellant saw Dr. Kalontorus, who x-rayed, examined and treated him. He described the treatments, which he received over a period of about a month for approximately ten to fifteen minutes per session, as electrical stimulation, and hot and cold packs to the injured area. He testified that he continued to experience discomfort in his neck and back area up until the time of trial; however, he did not return for treatment because he could not afford it. Appellant described his limitations since the accident, including that he can no longer touch his toes or play soccer and that he experiences pain upon turning his neck. Appellant made no claim for lost wages, explaining that he was on vacation during the time period involved.[2]

Following closing argument, the parties agreed to submit a verdict form to the jury. The following question appeared on the verdict form:

> Did plaintiff, Stephen Worjloh, sustain personal injuries which were directly and proximately caused him by the negligence of defendant?

The jury responded "yes" to the question. However, in response to the question "[i]n what amount do you award damages for plaintiff, Stephen Worjloh, for his injuries directly and proximately caused him by [Ms. Stephens'] negligence," the jury entered a zero. Similarly, the jury found that Mrs. Worjloh sustained injuries as a proximate result of appellee's negligence. It awarded her only "$297.30" in damages, which is the exact amount of the bill for

---

1. Mrs. Worjloh did not appeal from the trial court's decision.

2. Mrs. Worjloh testified about the injuries she sustained to her shoulder, neck and back as a result of the accident, her emergency and follow-up treatment, medical expenses and pain and suffering. Her medical bills in the amount of $3,197.30, which included the bill of Providence Hospital for $297.30, were introduced into evidence.

her emergency room treatment on the day of the accident.

Appellant's counsel moved for a new trial on his behalf on the issue of damages. The trial court granted judgment in accordance with the jury's verdict and gave the parties ten days to brief their positions. Within ten days of the verdict, appellant filed a Motion for New Trial, and appellee filed an opposition, each with a supporting memorandum of points and authorities. The trial court denied the motion, concluding that the jury had grounds to reject appellant's request for compensation, and therefore, it could not be said that the verdict resulted from prejudice, passion, partiality, oversight or mistake. Specifically, the trial court noted that appellant did not seek medical attention until three days after the accident and missed no time from work. It further explained that

> [t]he objective evidence ... including photographs of the two cars following the accident, indicates that the accident involved no great speed or force and that plaintiff delayed medical services until after he had first sought legal advice. Moreover, [Mr. Worjloh's] two subsequent accidents provided the jury with reason to discount [his] contention that he still experiences pain and discomfort, loss of physical dexterity, and diminished athletic ability.

On appeal, appellant argues that the trial court erred in denying his motion for a new trial.

## II.

This court reviews a trial court's denial of a motion for a new trial based on an inadequate jury award of damages for an abuse of discretion. *Shomaker v. George Washington Univ.*, 669 A.2d 1291, 1294 (D.C.1995); *Jefferson v. Ourisman Chevrolet Co.*, 615 A.2d 582, 585 (D.C.1992) (quoting *Barron v. District of Columbia*, 494 A.2d 663, 665 (D.C.1985)). This court will reverse the trial court's denial of a motion for new trial based upon a claim of inadequacy of damages " 'only when the amount of the award evidences prejudice, passion or partiality on the part of the jury or where the verdict appears to be an oversight [or] mistake, or [rest upon] consideration of an improper element.' " *Anthony v. Allstate Ins. Co.*, 790 A.2d 535, 537 (D.C.2002) (quoting *Romer v. District of Columbia*, 449 A.2d 1097, 1099 (D.C. 1982)). We have said that " '[u]sing that standard, the circumstances are necessarily rare when the trial court's decision upholding the jury verdict will be reversed.' " *Id.* (quoting *Bernard v. Calkins*, 624 A.2d 1217, 1220 (D.C.1993)). In *Anthony*, a case strikingly similar to the present case, we found such rare circumstances and reversed the trial court's decision to deny a motion for new trial. *Id.* at 536.

In *Anthony*, *supra*, a suit against an unidentified uninsured motorist, the jury found in favor of the plaintiff on the question of liability, but awarded him no damages for lost wages, medical bills, and pain and suffering. *Id.* at 536. We affirmed as to Anthony's claim for lost wages and pain and suffering, but reversed as to medical expenses. *Id.* As to the medical expense element and related inconvenience, we said that "the trial court could [not] properly reconcile the jury's award of no damages with its finding of injury and the evidence Anthony presented." *Id.* at 537. Anthony had sought treatment two days after the accident for back strain, and he continued treatment for about a month on a regular basis. *Id.* His medical bills, totaling $2,800.00, were admitted into evidence without objection. *Id.* The defendant insurance carrier challenged Anthony's need for the treatment, and there was available photographic evidence indicating that there was only a mild impact during the collision. *Id.* We were persuaded, however, that having found that Anthony was injured in the collision as a proximate result of the driver's negligence

the jury could not reasonably discount his damages to zero in the face of medical bills reflecting treatment for the injury caused. Some recovery for those expenses, and the related inconvenience, was dictated by the jury's own conclusion as to causation.

*Id.* at 537–38 (citations omitted).

Like *Anthony*, in this case, the jury made an express finding that appellant sustained personal injuries in the automobile accident as a direct and proximate result of appellee's negligence. Similarly, appellant's medical bills were admitted into evidence without objection. These bills totaled $ 2,485.00, and appellant testified, without objection, that this bill was incurred as a result of treatment received for the injuries he sustained in the accident. Although there was evidence that appellant had subsequent accidents, there is no evidence that any of them occurred before he completed the treatment for the injuries the jury found that he sustained as a result of the accident in this case. Contrary to appellee's contention, there was no evidence that the bill received in evidence was not related to the first accident. While the subsequent accidents might bear upon any claim for damages occurring thereafter, here, the jury did not even award appellant damages for medical expenses that occurred years before the later accidents. On these facts, and based upon our case law, "[s]ome recovery for those expenses, and the related inconvenience, was dictated by the jury's own conclusion as to causation." *Id.* at 538. The jury could not simply discount appellant's damages to zero, given the evidence of treatment and the medical bills admitted without objection. *Id.* at 537; *see also Bernard, supra,* 624 A.2d at 1220.

Appellant argues that he is entitled to a new trial on the issue of damages only.

We agree that this is an appropriate case for that remedy. *See Anthony, supra,* 790 A.2d at 538. In this case, liability was stipulated, and the case proceeded to trial originally on damages only. Appellee suggests that appellant seeks to have stand the jury's finding that he sustained injuries in the accident. In *Anthony,* where we reversed for a new trial related to damages for medical expenses and related inconvenience, we held that evaluation of the reasonableness of the medical bills and related inconvenience should not require the jury to determine anew whether Anthony was injured at all. *Id.* at 538. To the extent that appellant seeks damages only for medical expenses and related inconvenience, which were the only components of damages remaining for retrial in *Anthony,* we would see no reason for a different result here. However, to the extent that appellant seeks recovery for pain and suffering related to his injuries, the issue for trial should include the extent to which appellant's pain and suffering were attributable to injuries proximately caused by appellee's negligence, rather than any other cause. In other words, in that event, we agree with appellee that the new trial should cover (1) what injuries appellant sustained as a result of the accident, and (2) what amount of damages should be awarded.

For the foregoing reasons, the decision of the trial court is reversed and remanded with instructions to vacate the jury's verdict and for a new trial on the issue of damages consistent with this opinion.

*So ordered.*