**Virginia HOGAN, Appellant,**

v.

**WASHINGTON NURSING FACILITY LIMITED PARTNERSHIP, et al., Appellees.**

**No. 06–CV–36.**

District of Columbia Court of Appeals.

Argued Feb. 28, 2007.
Decided March 29, 2007.

Sidney Schupak, Washington, for appellant.

Bradley L. Kelly, for appellees.

Before RUIZ and FISHER, Associate Judges, and KING, Senior Judge.

FISHER, Associate Judge:

Virginia Hogan sued on behalf of her mother, Elizabeth Conley, who fell and broke her hip while she was a patient at the Washington Nursing Facility ("WNF"). Although the jury found that WNF was negligent and that its negligence was the proximate cause of Ms. Conley's injury, it awarded $0 for pain and suffering. The trial court denied Ms. Hogan's motion for a new trial on the issue of damages, and she appealed. We reverse and remand.

## I. The Factual and Procedural Background

When WNF admitted Elizabeth Conley on September 10, 1999, she was eighty-two years old and suffered from dementia. She also had bleeding ulcers on her legs and a history of severe abdominal obstructions. WNF recorded that she was in no pain at the time of admission.

On September 11, 1999, Ms. Conley had been agitated and confused, and had made outbursts of screaming and crying. That evening she was sitting in her wheelchair near the nurses' station but had unfastened her safety belt more than once. When Ms. Conley seemed to become calm, the nursing assistant who was her caretaker stepped away to care for another resident. Ms. Conley then unbuckled her safety belt and tried to stand up. Doing so, she fell and broke her hip. The caretaker testified that when she found Ms. Conley on the floor and put her into bed, she was crying in pain. The WNF nurses' log from that date also reports that Ms. Conley was in pain. The medical staff at WNF concluded that she needed to be

hospitalized, but the ambulance did not come for almost three hours.

The ambulance took Ms. Conley to Hadley Hospital, where she underwent surgery to repair her fractured hip. The fracture was displaced, and a doctor implanted screws to hold the bone together so it would heal. Ms. Conley spent twelve days in the hospital, during which time she received pain medication and was in traction. She also suffered a recurrence of a fecal impaction and continued to endure the infected ulcers on her legs. Because of her dementia, Ms. Conley was not able to testify about her pain and suffering. Before the fall she was able to stand and to walk with assistance, but afterwards she could do neither.

At trial, WNF contended that it had not been negligent and that Ms. Hogan had not shown Ms. Conley's pain to be a result of the fractured hip as opposed to her other painful conditions. By special verdicts, the jury found that WNF was negligent and that its negligence was the proximate cause of Ms. Conley's hip fracture. Appellees have not challenged this finding of liability.

The jury awarded $21,573 (the exact amount of Ms. Conley's hospital bill) for medical expenses, but "zero dollars for non-economic damages." Ms. Hogan moved for a new trial on damages because the jury had not compensated her mother for pain and suffering. WNF contended in response that the jury reasonably could have concluded that $21,573 was adequate compensation or that Ms. Hogan had not carried her burden of proving pain and suffering by a preponderance of the evidence. The trial court agreed that the verdict was not contrary to reason and denied Ms. Hogan's motion for a new trial on the issue of damages.

## II. Analysis

We review for abuse of discretion.

In reviewing the denial of a motion for a new trial based on a claimed inadequate verdict, this court will reverse only when the amount of the award evidences prejudice, passion or partiality on the part of the jury or where the verdict appears to be an oversight, mistake, or consideration of an improper element. An appellate court should order a new trial only when the award is contrary to all reason.

*Barron v. District of Columbia,* 494 A.2d 663, 665 (D.C.1985) (internal quotations and citations omitted). *See also Gritz v. Hot Shoppes, Inc.,* 117 A.2d 126, 127–28 (D.C.1955). Under this standard, "the circumstances are necessarily rare when the trial court's decision upholding the jury verdict will be reversed." *Bernard v. Calkins,* 624 A.2d 1217, 1220 (D.C.1993).

This is an example of those rare circumstances. Ms. Conley's case is quite similar to *Bernard,* where a car struck Mr. Bernard and broke his ankle. A surgeon inserted a metal plate and screws, and Mr. Bernard stayed in the hospital for five days and then endured a long period of recovery. *Id.* at 1218. Using a special verdict form, the jury in *Bernard* found that the driver of the car was negligent and that his negligence "caused injury" to Mr. Bernard. However, it awarded medical expenses less than the amount to which the parties had stipulated and gave nothing for lost earnings or for pain and suffering. *Id.* at 1219.

This court reversed in *Bernard* and ordered a new trial limited to damages. We explained that, having "specifically resolved" the issue of liability in favor of Mr. Bernard, "the jury was required to award damages in a sum which would fairly and reasonably compensate [him] for all the damages he suffered which were proxi-

mately caused by [the driver's] negligence." 624 A.2d at 1220. Furthermore, we stated that "[t]he objective evidence of some pain is apparent from the injury and surgery as described in the record," and the driver had not disputed that Mr. Bernard did suffer a broken ankle and underwent surgery. *Id.* at 1221. Therefore, "the jury's omission of *any* compensation for ... pain and suffering on this record ... results from a mistake or consideration of some improper element, thereby warranting a new trial on damages." *Id.* at 1221–22 (emphasis added). *Accord, e.g., Barron,* 494 A.2d 663 (new trial ordered where plaintiff suffered substantial injuries and jury awarded medical expenses but only nominal compensation for pain and suffering); *Brown v. Richard H. Wacholz, Inc.,* 467 F.2d 18 (10th Cir.1972) (new trial ordered where plaintiff suffered a complex fracture to his leg and jury awarded medical expenses but nothing for pain and suffering).

In the present case, the jury resolved the issue of liability in favor of Ms. Conley and WNF did not dispute that she suffered a displaced fracture that required surgery and the implantation of screws. Just as with Mr. Bernard's injury, the "objective evidence of some pain" to Ms. Conley "is apparent." Furthermore, the caretaker at WNF testified that Ms. Conley was crying and screaming in pain after the fall, and WNF's own records reflect that she was in pain and waited almost three hours for an ambulance. Similarly, WNF's records documented that Ms. Conley had some ability to stand and walk before the fall, but was totally dependent on others for mobility afterwards.

Having thoughtfully considered the motion for a new trial, the trial court concluded that the verdict was reasonable because the jury could have attributed Ms. Conley's pain to her other medical conditions rather than WNF's negligence. It likened

Ms. Conley's case to *Shomaker v. George Washington University*, where the plaintiff sued because the GWU Medical Center failed to diagnose his cancer for a number of years. 669 A.2d 1291, 1292 (D.C.1995). This court affirmed the denial of a new trial, even though, despite awarding Mr. Shomaker substantial damages for medical expenses and lost wages, the jury gave him nothing for pain and suffering. *Id.* at 1296. We said that the jury "could reasonably have found that Mr. Shomaker's pain and suffering were inevitable," because the medical center had presented evidence of a strong probability that this particular cancer would have recurred and caused the same pain and suffering regardless of whether the doctors had diagnosed it earlier. So, even though the jury in that case found the defendant negligent, its award of no "extra damages" for pain and suffering was acceptable. *Id. See also Prins–Stairs v. The Anden Group,* 655 A.2d 842, 843–44 (D.C.1995) (proximate cause was strongly disputed, and "the jury could reasonably find that appellant suffered no 'substantial injuries' from the November accident distinct from the chronic neck and back pain she had experienced beforehand").

Ms. Conley's situation is different. Although WNF presented ample evidence that she had many painful conditions, she clearly would not have suffered the pain related to breaking her hip had she not fallen. It was not inevitable that she would suffer the incremental pain caused by WNF''s negligence or that she would have completely lost the limited ability to stand and walk that she had demonstrated before the fall. We do not overlook the fact that the plaintiff still had the burden to prove damages with reasonable certain-

ty and that her presentation of evidence about the stay in the hospital was less than thorough. Nevertheless, on this record, and under our case law, no reasonable jury could have failed to award at least some damages for pain and suffering.

WNF argues that Ms. Hogan's credibility was impeached in various ways, and that the jury might not have been persuaded by her testimony about her mother's suffering in the emergency room, during her hospital stay, and after release. WNF also points out that the plaintiff presented scanty evidence to differentiate the various causes of Ms. Conley's pain while she was hospitalized, and it questions the persuasiveness of plaintiff's medical expert. However, Ms. Conley's caretaker and the charge nurse at WNF both testified that she was in pain right after her fall, and WNF did nothing to discredit their testimony. The charge nurse read from the nurses' log that Ms. Conley was complaining of pain in her hip. An accident report prepared by WNF that same day stated that after the fall Ms. Conley "complained of severe pain to her right hip. She screamed every time we moved her and touched her."

The conclusion that Ms. Conley suffered pain comports with common experience. A broken hip, the corrective surgery, and the resulting immobilization would naturally cause some pain and suffering, so we need not summarize the evidence further. There is no reason to think that the jury acted from passion or prejudice, or that it considered an improper element, but its denial of any non-economic damages whatsoever is contrary to common sense and to reason.[1] *See, e.g., Barron,* 494 A.2d at 665

---

1. WNF argues that Ms. Conley was treated for various maladies while in the hospital and that the jury logically could have concluded that not all of the charges were related to her broken hip. It suggests, in essence, that the jury surreptitiously compensated her for pain and suffering by awarding her more than she was entitled to for medical expenses. However, neither the plaintiff nor the defendants presented evidence itemizing the hospital charges, so the jury had no basis for assessing how much of that bill was attributable to

(stating that where the jury awarded zero damages for pain and suffering although "the plaintiff suffered a severe injury in which the damages were substantial, the conclusion must be that the jury disregarded its fact-finding function"). We therefore order a new trial limited to damages, as appellant has requested.

### III. Conclusion

Because the jury's failure to award any damages for pain and suffering is contrary to all reason, we reverse and remand for a new trial on the issue of damages.

treatment for the broken hip. We decline to engage in this sort of speculation, especially when it is contrary to the foreperson's clear articulation that the jury awarded "zero dollars for non-economic damages." *See Barron*, 494 A.2d at 665 ("In the present case the verdict reflects the exact amount of medical and hospital outlay. Thus, on its face it establishes that the jury failed and refused to award compensation for pain and suffering . . . .") (quoting *Brown*, 467 F.2d at 21).