Angela M. **CUNNINGHAM**, a minor by and through Barbara Cunningham, her mother and next friend, and Barbara Cunningham, **Appellants,**

v.

Harry R. **CONNER, Appellee.**

No. 7162.

District of Columbia Court of Appeals.

Argued July 11, 1973.

Decided Sept. 19, 1973.

Jacob Gordon, Washington, D. C., for appellants.

Edwin A. Sheridan, Washington, D. C., for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

GALLAGHER, Associate Judge:

In her own capacity and as mother and next friend of her minor daughter, Mrs. Cunningham sued defendant Conner for damages resulting from injuries suffered by her daughter as the result of being struck by a motor vehicle operated by the defendant. The jury found for the plaintiffs in the amount of $179.00, which was the exact amount of the medical bills. No award was made to the child for the injuries, nor for the pain and suffering. No objection to the verdict was raised by plaintiffs and the jury was discharged.

Plaintiffs filed a motion for a new trial contending that the jury's verdict in finding for the plaintiffs but in awarding damages only to the mother for medical bills was inconsistent and inadequate and required a new trial "on the issue of damages."

In a Memorandum Opinion and Order denying the motion for a new trial the trial court noted that the plaintiffs had raised no objection to the verdict before the jury was discharged and concluded after some discussion that under the circumstances of this case it was satisfied the jury had performed its function adequately and declined "to grant a new trial merely because the award of damages did not include any amount for [the child's] pain and suffering."

We might state, preliminarily, that the child's injuries consisted of a "sub-concussion" of the head and laceration of the right eyebrow requiring sutures. A "sub-concussion" was described at the trial by the examining physician as a lesser concussion and applied in this case because the child did not become unconscious.

Appellants contend the trial court erred in denying the motion for a new trial and allowing to stand the verdict which failed to compensate the infant for the injury and pain and suffering.

We see no abuse of discretion by the trial court in denying the motion for a new

trial.[1] The plaintiffs failed to raise the issue before the jury was discharged. More importantly, we find no inconsistency in the verdict warranting our intrusion.

Essentially, there is involved a finding by the jury not to award the child damages for her injuries, which manifestly were not of a serious nature. We think the trial court was correct in not overturning the verdict on this record. "Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct." Fairmount Glass Works v. Cub Fork Coal Co., 287 U. S. 474, 485, 53 S.Ct. 252, 77 L.Ed. 439 (1933); McClain v. Collins, D.C.Mun.App., 117 A.2d 125 (1955); Gritz v. Hot Shoppes, D.C.Mun.App., 117 A.2d 126 (1955).

Finding no abuse of discretion by the trial court, the judgment is

Affirmed.

1. In denying the motion for a new trial, the court stated that when the verdict was returned it observed in the verdict nothing "inconsistent or irregular," and hence saw no reason to make inquiries of the jury.