Helen MANTIS and Louis Mantis,
Appellants,

v.

James K. ASHLEY and Beatrice
Wright, Appellees.

No. 12323.

District of Columbia Court of Appeals.

Submitted June 13, 1978.

Decided Aug. 23, 1978.

Joseph Zitomer, Silver Springs, Md., was on brief, for appellants.

Don F. Ryder, Jr., was on brief, for appellees.

Before KERN, NEBEKER and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellants, Helen and Louis Mantis, sought to recover damages for personal injuries suffered by Mrs. Mantis as the result of an automobile accident. They appeal

from a jury verdict which allowed recovery of medical expenses and lost wages, but which denied any recovery for pain and suffering and for loss of consortium. We affirm.

On January 12, 1975, at an intersection controlled by traffic lights, a vehicle driven by appellee Ashley and owned by appellee Wright collided with appellants' vehicle, in which Mrs. Mantis was a passenger. Eyewitness testimony established that Ashley had run a red light. The next day, Mrs. Mantis sought treatment from her family physician, Dr. Vosger. He referred her to Dr. Foley, an orthopedic surgeon, who treated her for almost a year for a cervical injury. At the end of that year, Dr. Foley prepared a report in which he concluded:

> Objectively, the findings are essentially within normal limits except for the tenderness of the cervical occipital region.

Dr. Foley did not testify, but his report was introduced into evidence and read to the jury.

Mrs. Mantis also was treated by Dr. Mayle, a neurologist, and by Dr. Selby, an ophthalmologist. Dr. Selby's deposition was read into evidence. In it he stated that Mrs. Mantis was suffering from occasional double vision brought on by the accident. Dr. Mayle testified that the accident triggered her latent arthritis, and that her condition would continue to require periodic traction. None of these doctors was able to identify any objective symptoms of pain. They did, however, indicate that Mrs. Mantis sometimes complained of pain, and the examinations did reveal some tenderness in the injured region.

Mrs. Mantis also was examined by two physicians selected by the appellees. The report of Dr. Loeffler, an orthopedic surgeon, was read into evidence. Dr. Loeffler identified some tenderness, but concluded that Mrs. Mantis' symptoms gradually would subside spontaneously. The other physician, Dr. Murphy, a neurosurgeon, tes-

tified at trial that he had discovered no objective evidence of impairment. He added that if any impairment did exist, it was not related to the accident but was the result of a pre-existing spinal curvature plus arthritic change. In support of his opinion, he relied on his recollection of test results performed with a neurodermometer, a galvanic skin testing device which makes no permanent record of its readings.

The jury foreman announced the following verdict:

> We find the Defendant, Mr. Ashley, guilty of running a red light.
>
> * * * * * *
>
> Award to the Plaintiff—Mrs. Mantis is entitled to restitutions through December of '75 in the amount of medical bills, $1,177.35, and the loss of salary from January through March of '75, $1,240.
>
> * * * * * *
>
> No compensation to Mr. Mantis, sir.[1]

After hearing the verdict, appellants' counsel moved for a mistrial, contending that the verdict was inconsistent and inadequate. When that motion was denied, appellants moved for a new trial. That motion also was denied.

Appellants first contend that because the jury awarded Mrs. Mantis recovery for her medical expenses, it was inconsistent for it to have refused to grant her any award for pain and suffering. We disagree. We upheld such a verdict in *Cunningham v. Conner*, D.C.App., 309 A.2d 500 (1973), and we do not find the verdict in this case to be impermissibly inconsistent. The jury unquestionably concluded that Mrs. Mantis justifiably sought and received medical assistance for which she was entitled to compensation from appellees. However, the jury apparently was not persuaded that her injuries caused her to suffer compensable pain. The medical testimony presented by both sides indicated that

---

1. When the jurors were polled, they affirmed the verdict announced by the foreman. Two of the jurors responded by rounding off the total award of $2,417.35 to $2,500.00, but they were corrected by the trial court. We do not think this slight irregularity necessitates further attention on appeal.

Mrs. Mantis' injuries were such that objective evidence of pain could not be conclusively documented. We conclude that, on such a record, the trial correctly declined to overturn the jury's verdict. *See Cunningham v. Conner, supra,* at 501; *cf. Wisdom v. Armstrong,* D.C.App., 196 A.2d 88, 89 (1963). Nor do we think that the jury's denial of an award for loss of consortium due to the wife's inability to perform domestic chores is necessarily inconsistent with the award it did grant. The jury may have chosen not to believe the husband's testimony concerning his assumption of certain household duties which he previously had not performed, or it may have concluded that Mrs. Mantis' injuries were not so serious as to impair her actual ability to handle such chores.

 Appellants' second complaint is that they improperly were precluded by the trial court from cross-examining Dr. Murphy on his use of a neurodermometer in the examination of Helen Mantis. Specifically, appellants contend that they should have been permitted to elicit testimony from Dr. Murphy on cross-examination revealing his refusal to permit appellants' counsel to observe the medical examination, and thereby verify the readings on the neurodermometer. They allege that this refusal on Dr. Murphy's part demonstrated a bias against appellants. We do not see how Dr. Murphy's unwillingness to sanction counsel's presence during the examination could have indicated bias against appellants. We agree with the trial court that his conduct in this regard did not constitute a relevant subject for cross-examination.[2]

 Finally, appellants cite as error the trial court's failure to instruct the jury on the weight to be accorded to the medical reports which were admitted as evidence pursuant to stipulation by counsel. Appellants requested the court to instruct the jury that the medical reports and the depositions which were read into evidence were to be accorded the same weight as the

actual testimony which was offered. The court, however, issued such an instruction only with respect to the depositions, and made no mention of the medical reports.

We are of the opinion that the instruction sought by appellants would have been improper. Medical reports, unlike depositions, are not given under oath, and the authors of those reports have not been subjected to cross-examination. Moreover, such reports typically contain technical medical terminology which, in the absence of explanatory testimony by their authors, may not be readily understood by lay jurors. Accordingly, such reports are not entitled to the same weight as trial testimony or depositions.

Finding appellants' contentions insufficient to compel reversal, we uphold the jury's verdict and the trial court's subsequent rulings.

*Affirmed.*

---

2. Furthermore, prior to trial, counsel for appellants had withdrawn his opposition to the private examination on condition that he prompt-

ly receive a report of the examination. No complaint has been registered regarding the submission of the report to counsel.