William L. **WOOD**, Appellant,

v.

John **MANLY** II, et al., Appellees.

No. 86–94.

District of Columbia Court of Appeals.

Argued April 15, 1987.
Decided May 22, 1987.

---

Robert Greenberg, Washington, D.C., with whom Robert E. Deso and James P. Wheeler were on the brief, for appellant.

S. Churchill Elmore, Washington, D.C., for appellees.

Before NEWMAN, TERRY and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

This case involves the construction of a will. William Wood appeals from a jury verdict below which found that the three male appellees were the children, born out of wedlock, of the late John Manly, and intended beneficiaries of several devises in the will of John Manly's mother, appellees' grandmother.[1] We affirm.

### I

The testatrix, Agnes Wood, died on September 27, 1977. In her will, executed in 1969, Agnes mentioned her two sons, appellant Wood and John Manly. John Manly predeceased his mother by a year. In two provisions of the will, Agnes left parcels of real estate to Manly if he survived her, "otherwise to the children of the said John Manly living at the date of my death, in fee simple...." Similar language in a final clause devised one half of the residuary estate to Manly or his children. This litigation began when appellant filed a petition for probate which averred that John Manly had no children[2] and requested that title in the property be given to appellant. In response, the appellees filed a complaint to establish their right to take under the will.

The evidence presented at trial indicated that the five putative children were born on varying dates between June 3, 1945 and May 8, 1963 in the District of Columbia. During that time, the mother of these children, Laura Mills, was married to a Watson Mills. Nonetheless, the birth certificates of Manly's three putative sons indicated Manly as the father. The birth certificates of the two putative daughters listed Watson Mills as their father. Laura Mills, however, testified that John Manly fathered all five children. In addition, each of the five children testified that Agnes Wood treated them as grandchildren, although one appellee, John M. Manly II, stated that Agnes always bought the boys presents on birthdays and at Christmas, but only did so occasionally for the two girls.

In instructing the jury, the trial court explained that two presumptions existed which appellees needed to overcome by a preponderance of the evidence in order to prevail. First, the court instructed that Watson Mills was presumed to be the father of the children, and only if a preponderance of the evidence showed that John Manly was the father could the presumption be rebutted. Second, the word "children" was presumed to mean legitimate children unless appellees were able to show, again by a preponderance of the evidence, that the "children" also encompassed children born out of wedlock. Furthermore, the jury was asked by special interrogatory to determine as to each plaintiff whether he or she was the child of John Manly and whether the testatrix, Agnes Wood, intended to include her or him in the will as one of his "children." The jury answered both questions in the affirmative for the three men and in the negative for the two women. This appeal followed.[3]

---

1. Wood also appeals the trial court's refusal to grant his motion for judgment notwithstanding the verdict and the subsequent motion for reconsideration. Our review is limited to the question whether the trial court abused its "broad discretion" in this area. *See Pyne v. Jamaica Nutrition Holdings, Ltd.,* 497 A.2d 118, 126 (D.C.1985). Since appellant has pointed to nothing beyond his arguments on the merits to indicate any abuse of discretion, we affirm the denial of those motions.

2. Although John Manly was married during his lifetime, there were no children born of the marriage.

3. No cross-appeal is taken by the two women.

## II

Appellant urges reversal primarily upon two grounds. First, he contends that because the jury did not reach identical conclusions with respect to all five children, the verdict is illogical and inconsistent, and therefore must be reversed. *Cunningham v. Conner*, 309 A.2d 500 (D.C.1973). Appellant's argument is based on a mischaracterization of the evidence as identical as it pertains to each child. Given the obvious factual differences set out above, appellant's argument fails.

Next, appellant asserts that as a matter of law appellees were barred from proving the paternity of John Manly, and that as a result, the jury verdict must be overturned, since the finding of intent was predicated upon a finding of paternity. Appellant bases his argument on the grounds that D.C. Code § 19–316, as it existed at the time of the deaths of John Manly and Agnes Wood, did not provide for determination of paternity after the death of the putative father. We have held in *In re Estate of Glover*, 470 A.2d 743 (D.C. 1983), that later amendments to the code, contained in the Paternity Procedures Clarifying Amendments Act of 1977, D.C. Law 2–78, § 2, 24 D.C.Reg. 9282 (1978), effective June 13, 1978, now provide to the contrary. Appellant argues, however, that retroactive application of the amended code provision would deprive him of property in which his rights have vested.

We find no merit in this argument. The section of the D.C. Code cited by appellant deals with intestate succession and has no application to the testate succession present in the case at bar. Accordingly, we find no occasion to discuss *In re Estate of Plater*, 113 D.W.L.R. 1429 (D.C.Super.Ct. May 24, 1985) (amendments to § 19–316 apply prospectively), since it does not apply to the issue at hand. Paternity, in this context, does not delineate a legal right, such as the right to be considered an heir for the purposes of intestate succession, but rather is integral to the procedure of determining the meaning of the word "children" in Agnes Wood's will.

On the question of the testatrix's intent, we note that the jury was instructed on presumptions regarding paternity and the use of the word "children." Extrinsic evidence regarding those presumptions was presented by both sides. The jury returned special verdicts which indicated that they had considered relevant factors in reaching their verdict. Appellant presents no errors of law which warrant reversal.[4]

*Affirmed.*

---

**4.** On appeal, appellant does not challenge either the instructions as to presumptions or the use of extrinsic evidence to show the intent of the testatrix in this situation. Hence, we express no opinion as to these matters.