United States Court of Appeals,

Eleventh Circuit.

No. 94-4754.

Judith CORALLUZZO, Individually and as Personal Representative of the Estate of Ernest Coralluzzo, Deceased, Plaintiff-Appellant,

v.

EDUCATION MANAGEMENT CORPORATION, a Pennsylvania corporation, Ocean World Associates, Ltd., a Florida limited partnership, Ocean World, Inc., a Florida corporation, AIFL Limited Partnership, a Florida limited partnership, Defendants-Appellees.

June 20, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-6051-CIV), Shelby Highsmith, Judge.

Before TJOFLAT, Chief Judge, and RONEY and PHILLIPS[*], Senior Circuit Judges.

PER CURIAM:

Belying its friendly name, "Dimples," a 9-foot, 600-700 pound male dolphin, bit and raked with his sharp teeth the left forearm of Ernest Coralluzzo. Ocean World had invited Coralluzzo and other members of the audience to poolside to observe and pet the animals after the dolphin and sea lion show at its marine theme park in Fort Lauderdale, Florida.

In the lawsuit that followed, the defendants admitted liability. The jury, by special verdict, awarded past medical and hospital expenses of $15,000 and punitive damages of $5,000. After the question on the verdict form as to the amount of damages for Coralluzzo's pain and suffering, disability, inconvenience and aggravation, however, the jury wrote: "0". It did the same for

---

[*]Honorable J. Dickson Phillips, Jr., Senior U.S. Circuit Judge for the Fourth Circuit, sitting by designation.

loss of past consortium of his wife, and awarded nothing for future damages to either plaintiff.

The plaintiffs appeal the denial of a motion for a new trial, which was grounded on the failure of the jury to award damages for indisputable pain and suffering and loss of consortium. We affirm on the ground that the plaintiffs failed to object to the jury verdict at the time it was returned and did not request that the damages issue be resubmitted so that the jury could remedy the legal defect before it was discharged.

This Court has repeatedly held that all challenges to the inconsistency of special verdicts must be raised before the jury is excused. *Golub v. J.W. Gant & Assoc's,* 863 F.2d 1516, 1521 n. 4 (11th Cir.1989); *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1261 (11th Cir.1983); *Austin-Westshore Constr. Co. v. Federated Dep't. Stores,* 934 F.2d 1217, 1226 (11th Cir.1991).

This waiver rule is governed by federal law. *See Geneva County Bd. of Educ. v. CNA Ins. Co.,* 874 F.2d 1491, 1497 n. 6 (11th Cir.1989) (court applies federal waiver rule in diversity case); *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1261 (11th Cir.1983) (same); *Stancill v. McKenzie Tank Lines, Inc.,* 497 F.2d 529, 535 (5th Cir.1974) (same).

Other courts follow the same rule. *Williams v. KETV Television, Inc.,* 26 F.3d 1439, 1443 (8th Cir.1994) ("It is well established, at least in this circuit, that a party waives any objection to an inconsistent verdict if she fails to object to the inconsistency before the jury is discharged."). "The purpose of the rule is to allow the original jury to eliminate any

inconsistencies without the need to present the evidence to a new jury." *Lockard v. Missouri Pac. R.R. Co.,* 894 F.2d 299, 304 (8th Cir.), (citation omitted), *cert. denied,* 498 U.S. 847, 111 S.Ct. 134, 112 L.Ed.2d 102 (1990).

> To allow a new trial after the objecting party failed to seek a proper remedy at the only time possible [i.e., before the jury is discharged] would undermine the incentives for efficient trial procedure and would allow the possible misuse of Rule 49 procedures ... by parties anxious to implant a ground for appeal should the jury's opinion prove distasteful to them.

*Skillin v. Kimball,* 643 F.2d 19, 20 (1st Cir.1981); *Manes v. Metro-North Commuter R.R.,* 801 F.Supp. 954 (D.Conn.1992), *aff'd,* 990 F.2d 622 (2d Cir.1993) (this waiver was applied in a case with similar facts). *See also Joseph v. Rowlen,* 425 F.2d 1010, 1012 (7th Cir.1970) (jury found for the plaintiff but awarded zero damages; held that "the proper time to object to a verdict which may appear ambiguous or somehow deficient is at the time it is returned and before the jury is discharged"); *Skourtis v. Ellis,* 272 Or. 149, 535 P.2d 1367, 1368-69 (1975) (failure to make contemporaneous objection to verdict which awarded special damages and zero damages for pain and suffering constituted a waiver: objection first made in motion for new trial was untimely); *DeWitty v. Decker,* 383 P.2d 734, 737-740 (Wyo.1963) (same); *Cunningham v. Conner,* 309 A.2d 500 (D.C.App.1973) (same).

It is perhaps understandable why counsel for plaintiffs would not want this jury to do any further work on this case. Counsel in closing argument had requested $49,700 for past and future medical expenses, $375,000 for Mr. Coralluzzo's pain and suffering, $75,000 for Mrs. Coralluzzo's loss of consortium, and $1,500,000 in

punitive damages.  This jury had been quite unresponsive to these suggestions.

Based on the established law of this Circuit, however, it was clearly within the district court's discretion to deny the motion for a new trial based on the ground that the zero verdicts were improper.

Plaintiffs also argue they are entitled to a new trial because of comments made by defense counsel during closing argument focusing on plaintiffs' search for doctors and attempt to obtain an enormous verdict not justified by the nature of the injuries. Based upon the briefs, oral argument, and a review of pertinent parts of the record, we find no abuse of discretion in the denial of a new trial on this ground.

AFFIRMED.