The **FEDERAL INSURANCE COMPANY**, Plaintiff,

v.

**DEAN CONSTRUCTION COMPANY,**
**et al., Defendants.**

**No. 2:04 CV 905 WHA.**

United States District Court,
M.D. Alabama,
Northern Division.

May 30, 2006.

Albert Sandord Nalibotsky, Cozen O'Connor, Charlotte, NC, Samuel Marvin Ingram, Carpenter Prater Ingram & Mosholder LLP, Montgomery, AL, for Plaintiff.

Steven Anthony Higgins, Floyd Ray Gilliland, Jr., Jay S. Tuley, Nix Holtsford Gilliland Higgins & Hitson PC, Montgomery, AL, for Defendants.

## ORDER

ALBRITTON, Senior District Judge.

This case is before the court on Plaintiff's Renewed Motion for Judgment as a Matter of Law After Trial or in the Alternative Motion for a New Trial (Doc. # 105), filed on May 8, 2006.

The case was tried to a jury on two claims, negligence and breach of warranty. The jury returned a verdict on April 27, 2006, finding that the Defendants were not negligent in this case, but finding that the Defendants breached express warranties in installing the roof and that such breach proximately caused the Plaintiff's damages. The verdict then awarded damages. After the jury was discharged, Plaintiff's counsel stated on the record that they intended to move for a judgment notwithstanding the verdict on the negligence claim. This motion was filed thereafter.

## MOTION FOR JUDGMENT AS A MATTER OF LAW AFTER TRIAL

Plaintiff files this motion pursuant to Rule 50(b), *Fed.R.Civ.P.* In the motion, the Plaintiff alleges that it "moved for judgment as a matter of law on the negligence count at the close of the record." While the words "at the close of the record" are somewhat equivocal, it is without question that the Plaintiff did not move for judgment as a matter of law on its negligence claim at any time before submission of the case to the jury, as required by Rule 50(a)(2), or even before the verdict was returned and the jury was discharged. Plaintiff timely moved for judgment as a matter of law on the Defendants' contributory negligence defense, which the court granted, but not on its own claim based on negligence. Therefore, there was no motion to renew pursuant to Rule 50(b). Even if such a motion had been filed by the Plaintiff before submission of the case to the jury, it would have been denied, as clearly there was a factual dispute to be resolved by the jury. For these reasons, the "Renewed" Motion for Judgment as a Matter of Law is due to be denied.

## MOTION FOR A NEW TRIAL

This is brought as an alternative motion under Rule 50(b). Since a Rule 50(b) motion is inappropriate, however, it would appear that the motion could be denied on that ground. Since, however, the Plaintiff's motion is based on its contention that the jury returned an inconsistent verdict, the court will consider whether this motion would have merit under Rule 59, *Fed. R.Civ.P.* The court has determined that it would not.

In the first place, the court is not persuaded that the verdict is inconsistent. Certainly, the possibility of such a verdict was not considered to be inconsistent when

the Plaintiff filed a proposed Jury Verdict Form (Doc. # 63) prior to trial. That requested form read as follows:

## JURY VERDICT FORM

1. Do you find that the defendant was negligent in any respect and that such negligence was a proximate cause of Plaintiff's damages?

YES‗‗‗‗‗
NO ‗‗‗‗‗

2. Do you find that the defendant negligently installed the roof, allowing rainwater to leak into the building during and after the roofing project and that such negligence was a proximate cause of Plaintiff's damages?

YES‗‗‗‗‗
NO ‗‗‗‗‗

3. Do you find that the defendant breached any express warranties in installing the roof and that such breach was a proximate cause of the Plaintiff's damages?

YES‗‗‗‗‗
NO ‗‗‗‗‗

IF YOU ANSWERED "YES" TO ANY OF THE ABOVE QUESTIONS, THEN CONTINUE TO QUESTION 4, OTHERWISE, YOU ARE FINISHED AND MUST SKIP QUESTION 4 AND SIGN THIS VERDICT FORM.

4. What amount of damages do you award Plaintiff?

$‗‗‗‗‗‗

Thus, the verdict form requested by the Plaintiff itself would have advised the jury to enter an amount of damages to be awarded the Plaintiff if the answer was yes to "any" of the questions on liability.

The court followed the approach requested by the Plaintiff with the form submitted to the jury, and the jury returned that form with the following verdict (Doc. # 102):

## JURY VERDICT

1. Do you find that the Defendants were negligent in this case and that such negligence proximately caused the Plaintiff's damages?

‗‗‗‗‗ Yes        _X_ No

2. Do you find that the Defendants breached any express warranties in installing the roof and that such breach proximately caused the Plaintiff's damages?

_X_ Yes        ‗‗‗‗‗ No

IF YOU ANSWERED "YES" TO EITHER OF THE ABOVE QUESTIONS, THEN CONTINUE TO QUESTION 3. OTHERWISE, YOUR WORK IS COMPLETED AND YOU MUST SKIP QUESTION 3 AND SIGN THIS VERDICT FORM.

3. What amount of damages do you award the Plaintiff? $90,000.00

This 27th day of April, 2006.

/s/ Nicole Robinson
Foreperson

In its instructions to the jury, the court advised the jury: "On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of either or both of the Plaintiff's claims, your verdict should be for the Plaintiff as to that on those claims. In this event, it will be necessary for you to arrive at an amount to be awarded in the verdict form which I will read to you and describe later in my charge." In explaining the verdict form to the jury, after explaining questions 1 and 2, the court said: "Now, the form says if you answered yes to either of the above questions, then continue to question 3, which has to do with damages. Then it says, 'Otherwise, your work is completed and you must skip question 3 and sign this verdict form.' So if you answered yes to either 1 or 2, you go to 3.

If you answered no to both questions 1 and 2, then you skip question 3."

The parties were given an opportunity to make objections outside the presence of the jury after the charge was given and before the jury retired to deliberate. The Plaintiff had no objection to either the charge or the verdict form. Indeed, this apparently conformed to the way the Plaintiff viewed the case before a verdict was returned.

The suggestion that the verdict which was returned was inconsistent is itself inconsistent with the position taken by the Plaintiff at trial. If this possibility had been raised prior to trial, or even during the trial, the issue could have been resolved then. For these reasons, the court is not persuaded by the Plaintiff now that the verdict was inconsistent.

■ In addition, the court finds that, even if the verdict could be said to be inconsistent, this was waived by the Plaintiff's actions. The Plaintiff should not be allowed to request the very form of verdict which was used, wait for the jury to return a verdict, allow the jury to be discharged, and then contend for the first time that the verdict was inconsistent. This would amount to a party inviting error, speculating on the jury verdict, and then asking for a new trial after the jury had been discharged and it became too late to do anything about it.

Even in cases where an alleged inconsistency did not result from the use of a verdict form actually requested by the party moving for a new trial, the Eleventh Circuit has held that a party waives an objection to an inconsistency in a general verdict by failing to object before the jury is discharged. *Mason v. Ford Motor Co., Inc.*, 307 F.3d 1271 (11th Cir.2002). This

court views the verdict rendered in this case as best categorized by a general verdict, since it was presented to the jury as finding for one party or the other on the two theories of liability and then asking the jury to determine the amount to be awarded to the Plaintiff in the event liability was found on either claim.

■ Even if the verdict could be considered as a special verdict under Rule 49(a), or a general verdict with special interrogatories under Rule 49(b), and even if the Plaintiff had not invited a form of verdict which it now contends to be inconsistent, the Eleventh Circuit has held that all challenges to the consistency of special verdicts must be raised before the jury is excused, or the right to challenge the inconsistency is waived. *See, e.g., Golub v. J.W. Gant & Asso.*, 863 F.2d 1516, 1520, n. 4 (11th Cir.1989) and *Coralluzzo v. Education Mgmt. Corp.*, 86 F.3d 185 (11th Cir.1996). In *Coralluzzo*, the court quoted with approval statements from other circuits as to the reason for this rule: "The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury. *Lockard v. Missouri Pac. R.R.Co.*, 894 F.2d 299, 304 (8th Cir.1990)." "To allow a new trial after the objecting party failed to seek a proper remedy at the only time possible [i.e., before the jury is discharged] would undermine the incentives for efficient trial procedure and would allow possible misuse of Rule 49 procedures ... by parties anxious to implant a ground for appeal should the jury's opinion prove distasteful to them. *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir. 1981)." [1]

---

1. The Eleventh Circuit noted in *Mason*, 307 F.3d at 1274, n. 4, however, that it might be bound by a pre–1981 Fifth Circuit case to the contrary, but left to another day consideration of these seemingly inconsistent special verdict precedents.

### CONCLUSION

Since the Plaintiff did not move for judgment as a matter of law on the negligence claim before the case was submitted to the jury, Plaintiff's Renewed Motion for Judgment as a Matter of Law is due to be denied, and for the same reason, the alternative Motion for a New Trial under Rule 50(b), *Fed.R.Civ.P.*, is due to be denied. Because the jury verdict has not been demonstrated by the Plaintiff to be inconsistent and, because the Plaintiff has waived any objection it might have based on inconsistency, the alternative Motion for a New Trial is due to be denied even if considered under Rule 59, *Fed.R.Civ.P.*

### ORDER

For the reasons stated above, it is hereby

ORDERED that Plaintiff's Renewed Motion for Judgment as a Matter of Law After Trial or in the Alternative Motion for a New Trial are DENIED.

### MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION AND PROCEDURAL HISTORY

In this subrogation case, the subrogee, Plaintiff Federal Insurance Company ("Federal"), sued Defendant, Dean Construction Company ("Dean") for damages sustained by subrogor, the Colonial Bank ("the bank"). In November 2002, Dean agreed to place a new roof on the bank. As part of the process for attaching a new roof, Dean punched several holes in the building. At some point during the process, the holes were left uncovered, rainwater was allowed to flow into the building, and the bank suffered water and mold damage. The bank submitted a first party property claim to Federal, and after adjustment of the claim, extensive remediation of the bank's interior was completed. Federal paid the costs of the remediation to its subrogor, the bank, and then sought reimbursement from Dean, who Federal alleged was responsible for the damage.

The case was sent to a jury on two claims: (1) negligence and (2) breach of express warranty. The jury found in favor of Dean on the negligence claim, but rendered a verdict in the amount of $90,000.00 in favor of Federal on the breach of express warranty claim. Before the case went to the jury, the parties agreed that Federal's claim for pre-judgment interest would not be submitted to the jury and that, in the event of a Plaintiff's verdict, the court would determine the issue of entitlement to such interest. Once the verdict was returned both sides were given the opportunity to file briefs, which the court has considered. For the reasons discussed below, the court finds that Federal is not entitled to pre-judgment interest on the damages awarded by the jury.

### II. DISCUSSION

#### A. Pre-Judgment Interest

In Alabama, pre-judgment interest on damages stemming from a breach of contract [1] are governed by section 8–8–8 of the Code of Alabama of 1975 which states:

All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value,

---

1. The jury determined that Dean breached an express warranty on the work performed on the bank's roof. In Alabama, express warranties are treated like any other type of contract and interpreted according to general contract principles. *Copenhagen Reinsurance Co. v. Champion Home Builders,* 872 So.2d 848, 855 (2003); *Ex parte Miller,* 693 So.2d 1372, 1376 (Ala.1997).

should have been paid, or such act, estimating the compensation therefor in money, performed.

Ala.Code § 8–8–8 (2002). The Alabama Supreme Court has interpreted section 8–8–8 to mean that "in contract cases, where an amount is certain or can be made certain as to damages at the time of breach, the amount may be increased by the addition of legal interest from that time until recovery." *Miller and Co., Inc. v. McCown,* 531 So.2d 888, 889 (Ala.1988) (citing Charles W. Gamble, *Alabama Law of Damages,* § 8–3 (2d ed.1988)).

■ In this case, the damages were not certain until the jury determined them. In a similar case, the Alabama Supreme Court held that pre-judgment interest was not appropriate on a general jury verdict in favor of a real estate broker who sought a commission on a real estate sale. *Kennedy v. Polar–BEK & Baker Wildwood Partnership,* 682 So.2d 443 (Ala.1996). In *Kennedy,* the Plaintiff asked for damages for breach of an express contract to pay a 5% commission, or in the alternative, damages for breach of an implied in fact contract. The general verdict form did not indicate which option the jury chose, so it could have been either. For purposes of pre-judgment interest, the court assumed that the jury had found that an implied contract existed, which meant that damages were the "reasonable value of such services rendered." *See Hendrix, Mohr & Yardley, Inc. v. City of Daphne,* 359 So.2d 792, 795 (Ala.1978) (describing the ramifications of an implied in fact contract in Alabama). The court reasoned that there could be no sum certain, as required by § 8–8–8, when the sum itself does not present itself until after the jury deliberates. *See Kennedy,* 682 So.2d at 448; *see also Health Care Authority of City of Huntsville v. Madison County,* 601 So.2d 459 (Ala.1992) (denying pre-judgment interest where the sum in question did not

become certain until the trial court's final judgment).

The instant case is no different. The warranty in this case did not include a liquidated damages clause, so there was no way of knowing a sum certain until the jury decided one. Indeed, the actual sum turned out to be far less than the total asked for by Federal. Federal asked the jury for $361,878.25 in damages, but the jury awarded only $90,000.00.

For the reasons discussed, Federal is not entitled to pre-judgment interest on the damages awarded by the jury.

## B. Post Judgment Interest

In accordance with section 8–8–10 of the Code of Alabama of 1975, Federal is entitled to receive post judgment interest on the money damages awarded by the jury. The current statutory rate of 12% per annum should be applied to the damages award from the date the judgment is entered in this case. Ala.Code § 8–8–10 (2002); *Burlington Northern R. Co. v. Whitt,* 611 So.2d 219 (Ala.1992).

## III. ORDER

For the reasons discussed above, it is hereby ORDERED as follows:

1. Federal's request that pre-judgment interest be added to the jury's award of money damages is DENIED.

2. Post judgment interest is appropriate and shall begin to accrue upon the date judgment is entered in this case.