[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14393
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01299-RBD-GJK


TREY BROWN,

Plaintiff-Appellant,

versus

SHERIFF OF ORANGE COUNTY, FLORIDA, et al.,

Defendants,

HECTOR AVILEZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 22, 2015)

Before HULL, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In this case brought under 42 U.S.C. § 1983, Trey Brown challenges the district court's denial of his motion for a new trial.  Brown filed suit against the defendant, Hector Avilez, an Orange County Sheriff's Deputy, claiming that Avilez used excessive force during his May 9, 2009, arrest by kicking Brown in the back and head after Brown had surrendered.  After a three-day trial, the jury returned a special verdict finding that Avilez <u>had</u> used excessive force, but that his conduct did not cause any injuries.  It therefore did not award any damages against Avilez.[1]  Brown moved for a new trial, arguing, among other things, that the jury's verdict on damages was clearly against the manifest weight of the evidence.  The district court denied his motion, and he now timely appeals.  After careful consideration, we affirm.

We review a district court's denial of a motion for a new trial for an abuse of discretion.  <u>United States v. Campa</u>, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc).  Federal Rule of Civil Procedure 59(a) allows a judge to grant a motion for a new trial "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict."  <u>Lipphardt v. Durango Steakhouse of</u>

---

[1] The jury did, however, award Brown $50,000 in compensatory damages and $100,000 in punitive damages against a co-defendant, Courdney Ramsaroop, for Ramsaroop's conduct later in Brown's arrest that day. Ramsaroop is not a party to this appeal, nor is the damages award against him before us.

Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (quotation omitted).

"Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." Id. (quotation omitted).

The district court did not abuse its discretion here. Brown argues that the jury's verdict was against the great weight of the evidence because it was "uncontested, unchallenged, and uncontroverted" that Avilez caused him injuries during the arrest. Not so. The jury in fact heard and saw multiple pieces of evidence that indicated Brown did not suffer injuries as a result of Avilez's unconstitutional conduct on May 9, 2009. Although Brown's mother picked him up from the juvenile center at 5:00 a.m. on May 10, 2009, following his arrest, she did not take him to the emergency department to be evaluated until approximately 9:00 p.m. His emergency department records specifically state that "[m]edical attention [was] not necessary," and two nurses who saw Brown that day testified that there was no need for medical treatment. And Brown testified that he went "to see [his] primary care doctor sometime later" and the doctor saw "nothing physically wrong with" Brown. Finally, the jury saw Brown's "booking photo from that night," and Brown testified that he had no cuts on his face or neck. In total, this evidence was enough for a reasonable jury to find that Avilez's

3

unconstitutional conduct did not cause Brown any injury for purposes of damages.

Brown argues that the jury verdict must be overturned because he testified numerous times during the trial that he experienced pain and that he was injured as a result of Avilez's conduct. He also argues that the jury ignored "how degrade[ed], humiliate[ed], terrify[ied], distraught, and emotional[ly] distressed he was as a result of [Avilez's] actions." However, as the district court noted, the jury was free to believe or disbelieve Brown's testimony, and it is not for us to second-guess the jury's credibility determinations. Reviewing the evidence de novo, we would not necessarily come to the same conclusion as the jury. But after the jury has entered its verdict, we are constrained to uphold its decision unless it is contrary to the clear weight of the evidence. See Lipphardt, 267 F.3d at 1186. On this record, we must affirm.[2]

Finally, Brown also argues that the jury's verdict was an impermissible compromise verdict, and that he is therefore entitled to a new trial. "A compromise verdict is one where it is obvious that the jury compromised the issue of liability by awarding inadequate damages." Freight Terminals, Inc. v. Ryder

---

[2] The District Court alternatively held that Brown waived his right to a new trial by failing to raise a timely objection. "This Court has repeatedly held that all challenges to the inconsistency of special verdicts must be raised before the jury is excused." Coralluzzo v. Educ. Mgmt. Corp., 86 F.3d 185, 186 (11th Cir. 1996). The district court found that "although Plaintiff frames his argument as a challenge to the verdict's evidentiary support, what he actually contests in the verdict's consistency." We take no position on that holding, since we find that even construed as a challenge to the verdict's evidentiary support, Brown has not met the high burden required to overturn the jury's verdict.

Sys., Inc., 461 F.2d 1046, 1053 (5th Cir. 1972).  For the reasons described above, we do not find the damages verdict in this case to be obviously inadequate, and therefore hold that the jury's damages verdict was not an impermissible compromise verdict.

**AFFIRMED.**